[611 NYS2d 76]

In the Matter of THOMAS P. LECKINGER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 15, 1994

**APPEARANCES OF COUNSEL**

*Daniel A. Drake,* Rochester, for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on June

28, 1978 and maintained an office for the practice of law in Rochester. By petition dated December 14, 1992, the Grievance Committee of the Seventh Judicial District charged respondent with violating several provisions of the former Code of Professional Responsibility and former Rules Relating to Attorneys of the Appellate Division, Fourth Department.

The petition alleges that respondent borrowed substantial sums from clients without first advising them to seek independent legal counsel or independent professional advice, that respondent defaulted on repayment, that respondent neglected client matters, and that respondent converted client funds. Respondent filed an answer denying the material allegations of the petition and an order was entered referring the matter for a fact-finding hearing. Respondent failed to appear and the Referee proceeded with the hearing in respondent's absence. The Referee's report sustained the factual allegations of the petition and petitioner moved to confirm the report. Again, respondent failed to appear.

We confirm the findings of fact in the Referee's report and conclude that respondent is guilty of violating DR 1-102 (A) (4), a lawyer shall not engage in conduct involving dishonesty, deceit, fraud and misrepresentation; DR 1-102 (A) (5), a lawyer shall not engage in conduct that is prejudicial to the administration of justice; DR 1-102 (A) (6), a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law; DR 5-101 (A), a lawyer shall not accept employment when his professional judgment is affected by his own financial, business and personal interests; DR 5-104 (A), a lawyer shall not enter into a business transaction with a client in which they have differing interests, without consent; DR 6-101 (A) (3), a lawyer shall not neglect a legal matter entrusted to him; DR 7-101 (A) (3), a lawyer shall not intentionally damage a client during the course of the professional relationship; DR 9-102 (A), a lawyer shall preserve and maintain client funds in an identifiable bank account; and DR 9-102 (B), a lawyer shall deliver promptly funds and property due to a client. We further conclude that respondent violated the following Appellate Division rules: 22 NYCRR 1022.5 (a)—commingling client funds with his own; and 22 NYCRR 1022.5 (b)—failing to maintain appropriate records relating to client funds.

In view of the serious nature of respondent's misconduct and his repeated defaults, we conclude that respondent should be disbarred.

DENMAN, P. J., GREEN, LAWTON, FALLON and CALLAHAN, JJ., concur.

Order of disbarment entered.